IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | | |
|---|---|---|---|
| PAUL SMITH, | : | | |
| Plaintiff | : | | |
| VS. | : | | |
| Warden KEVIN ROBERTS, Sergeant BRENDA BLAYLOCK, and P.A. LARRY JAMES EDWARDS, | : | NO. 1:05-cv-178(WLS) | |
| Defendants | : | **RECOMMENDATION** | |

Plaintiff **PAUL SMITH**, presently confined at Calhoun State Prison ("CSP") in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the above-named defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no

relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff alleges that on March 3, 2005, he slipped in the bathroom at CSP and suffered a laceration on his left Achilles tendon from a broken toilet.  Plaintiff alleges that the accident occurred as a result of defendant Warden Kevin Roberts' negligence in allowing dangerous conditions to exist at CSP.  Plaintiff further alleges that he failed to receive proper medical care for his injury both at the time it occurred and subsequently.  In particular, plaintiff complains that defendant Sergeant Brenda Blaylock refused to call for medical help at the time of plaintiff's injury; that defendant Warden Roberts personally looked at plaintiff's ankle and merely stated that he had "no control over medical"; and that defendant physician's assistant Larry James Edwards did not provide adequate post-injury care to plaintiff.

As relief, plaintiff seeks monetary and punitive damages.

## III.  DISCUSSION

### A.  *Slip and Fall - Negligence*

To the extent that plaintiff claims that Warden Kevin Roberts is liable to plaintiff for his slip and fall in the bathroom, he has failed to state a section 1983 claim.  Mere negligence by prison officials resulting in injury to an inmate under their care does not give rise to the level of a constitutional violation.  ***Daniels v. Williams***, 106 S. Ct. 662 (1986).  The fall in the bathroom was possibly caused, at most, by the negligence of individuals responsible for maintaining the area.  Plaintiff has not alleged that Roberts knew of and disregarded the broken toilet that caused plaintiff's injury.  While plaintiff may have a cause of action in state court for negligence, he has not shown a constitutional violation under section 1983.  The undersigned therefore **RECOMMENDS** that this claim be **DISMISSED.**

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### 2.  *Medical*

Although the Court has reservations about the ultimate validity of plaintiff's medical claims, the Court will allow said claims to go forward.  By separate order, the Court has directed that service of process be effected on defendants Blaylock, Roberts, and Edwards.

**SO RECOMMENDED**, this 20th day of March, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE